IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHEN ZHAO HUA,<br><br>    Plaintiff,<br><br>    v.<br><br>ERIC PO-CHI SHEN<br><br>    Defendants. | Civil Action No. 3:16-CV-2399-M |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Emergency Application for Injunctive Relief with Incorporated Brief in Support. [Docket #8]. For the reasons stated below, the Court *sua sponte* finds that it lacks subject matter jurisdiction, and this case is **REMANDED** to the 160th Judicial District Court of Dallas County, Texas. Because the Court does not have subject matter jurisdiction, it does not reach Plaintiff's Application for Injunctive Relief.

### I.   BACKGROUND

This case was initially filed in the 160th Judicial District Court of Dallas County, Texas, and later removed by Defendant Eric Shen. The initial claim arose out of a Commission Agreement (the "Agreement") allegedly entered into on March 12, 2006, between REDDs, a Delaware Limited Liability Company with its sole member domiciled in New York, and Roter Stein Anlagen AG Ltd. ("RSA"), a foreign corporation.[1] REDDs and RSA (through its sole director, Eric Shen) entered into the Agreement for the purchase of several rare red diamonds, with the hope that they would raise in value over time. REDDs bought and owned a 30%

---

[1] These facts are taken from REDDs' pleadings and Chen's Petition in Intervention filed in the state court action, and are assumed to be true.

interest in any sales proceeds of the diamonds. In the event that RSA chose not to sell or chose to gift or transfer the diamonds in lieu of a market sale, REDDs would be entitled to a 10% commission based on the original acquisition cost of each diamond. The Agreement provided that "[a]ny action to enforce the terms of this Agreement shall take place in Dallas, Texas," in accordance with the laws of the State of Texas.

On March 4, 2015, REDDs filed suit in Dallas District Court, alleging that Shen, through RSA, transferred the diamonds without authorization and in violation of the Agreement, and that RSA and Shen are liable for conversion of REDDs' property interest in the diamonds. On July 18, 2016, Chen Zhao Hua ("Chen") filed an Original Petition in Intervention in the state action against Shen, alleging that Shen had embezzled over $240 million from Chen. Chen claimed that Shen had purchased the red diamonds with funds embezzled from Chen, and accordingly intervened in the state court action to "assert a justiciable interest in the disposition of the red diamonds and recover the rest of the embezzled funds from Eric Shen." [Docket Entry #6-1 at 351]. Chen alleges he currently has possession and control of the diamonds, which he claims are located in Hong Kong. *Id.*

On August 1, 2016, Shen filed a Special Appearance in state court, contesting the court's exercise of personal jurisdiction over him with respect to Chen's claims. On August 17, 2016, Shen removed the Original Petition in Intervention to federal court. Currently pending before the Court is Chen's Motion to Extend Time and for Expedited Jurisdictional Discovery. [Docket Entry #7].

## II.   JURISDICTION STANDARD

Subject matter jurisdiction is a threshold ground for denying audience to a case on the merits, and courts must reach the threshold issue before reaching claims on the merits. *Pervasive*

*Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012).  A defendant may remove a state court action to federal court only if the action originally could have been brought in federal court.  28 U.S.C. § 1441(a).  The removing defendant bears the burden of establishing federal jurisdiction.  *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998).  A federal court has subject matter jurisdiction primarily over two types of cases: (1) those "arising under the Constitution, laws, or treaties of the United States" ("federal question" jurisdiction), 28 U.S.C. § 1331, and (2) those in which the parties are citizens of different states, and the amount in controversy exceeds $75,000 ("diversity" jurisdiction).  "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'"  *Gutierrez v. Flores*, 5453 F.3d 248, 251 (5th Cir. 2008).  A district court must remand a case if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  The removing party bears the burden of establishing jurisdiction.  *Breitling v. LNV Corp.*, 86 F. Supp. 3d 564, 569 (N.D. Tex. 2015).

As a general matter, diversity jurisdiction provides a federal district court with original jurisdiction.  28 U.S.C. § 1332(a).  The removal statute allows a defendant to remove a case as follows:

> Except as otherwise expressly provided by Act of Congress, any *civil action* brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added).  Under a plain reading, the phrase "civil action" refers to an entire case rather than separate causes of action within a case.  *Jackson v. Wal-Mart Stores Texas, LLC*, 925 F. Supp. 2d 810, 813 (N.D. Tex. 2013) (citing cases concluding the same);

*Carey v. Bank of Am., N.A.*, 904 F. Supp. 2d 617, 619–20 (N.D. Tex. 2012); *Escobedo v. Time Warner Entm't Advance Newhouse P'Ship*, 811 F. Supp. 2d 1289, 1292 (W.D. Tex. 2011). The Fifth Circuit has recognized that in a diversity action where all claims relate to the same constitutional case, the removal statute does not permit individual claims to be removed, but only entire actions. *Gray ex rel. Rudd v. Beverly Enters.-Miss.*, 390 F.3d 400, 411 (5th Cir. 2004) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966) (defining an entire Article III "case" as claims deriving from a "common nucleus of operative fact."); *Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371, 1376 (5th Cir. 1980) (stating that on removal, cases are considered in their entirety)).

### III. JURISDICTION ANALYSIS

Under the statutory framework analyzed above, Shen's removal was improper. Although the parties appear to be diverse and the amount in controversy exceeds the statutory requirement of $75,000,[2] removal did not conform to the requirements of 28 U.S.C. § 1441. In his Notice of Removal, Shen indicated he was removing *only* the Original Petition in Intervention:

> Shen hereby gives notice . . . that Intervenor's Original Petition in Intervention and Intervenor's causes of action set forth therein have been removed to the United States District Court for the Northern District of Texas-Dallas Division. **Shen does not seek removal of the State Action Plaintiff REDDs' separate and independent State Action claims**, and Intervenor has not asserted any claims or causes of action against REDDs or RSA.

Def. Notice of Removal at 3. [Docket Entry #1] (emphasis added). Section 1441(a) permits removal of only an entire case, yet Shen has removed only the claims asserted against him by Chen, the intervenor.

---

[2] Chen, the intervention Plaintiff, is a citizen of China and a nonresident of the United States. Shen, the Defendant, is a resident and citizen of California. Chen seeks damages against Shen in excess of $240 million. *See* Def. Notice of Removal [Docket Entry #1].

Furthermore, there is no authority to suggest that a plea in intervention in a preexisting case in Texas state court is a separate case or civil action, such that it could be removed separately.  Texas Rule of Civil Procedure 60 governs intervenor's pleadings in Texas state court, and provides that "[a]ny party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party."  Tex. R. Civ. P. 60.  An intervenor does not have to secure the court's permission to intervene in a case or prove standing.  *State v. Naylor*, 466 S.W.3d 783, 788 (Tex. 2015).  Absent a motion to strike the petition in intervention, one who files a petition in intervention generally becomes a party to the suit for all purposes.  *Abdullatif v. Erpile, LLC*, 460 S.W.3d 685, 694 n.9 (Tex. App.—Hous. [14th Dist.] 2015) (citing *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990)).  At the time the case was removed to federal court, no motion to strike Chen's petition in intervention had been filed, nor had the state court ruled on such a motion.  *See* Notice of Filing Supp. State Court File [Docket Entry #6].  Thus, when Chen filed his petition in intervention, he became a party to the suit for all purposes; his claims against Shen were part of the same civil action as REDDs' claims against Shen.  Accordingly, for removal to be proper under § 1441(a), the entire case—including REDDs' claims against Shen—would had to have been removed.  Because Shen only removed Chen's intervention claims, removal was improper.

In his Notice of Removal, Shen describes Chen's intervention claims against Shen as "wholly separate and independent of REDDs' State Action claims in which Intervenor has no justiciable interest" and therefore he "does not seek removal of the State Action Plaintiff REDDs' separate and independent State Action claims, and Intervenor has not asserted any claims or causes of action against REDDs or RSA."  Def. Notice of Removal at 2–3.  In effect,

Shen attempts to sever Chen's intervention claims from the preexisting state action through removal.

Shen's characterization of Chen's claims as "separate and independent" from REDDs' claims is unpersuasive.[3] Although Chen asserts many claims against Shen in his Petition in Intervention,[4] the Petition in Intervention asserts opposition to "REDDs' request for a constructive trust or lien" on the red diamonds and Chen "intervenes to assert a justiciable interest in the disposition of the red diamonds." Pl. Pet. in Intervention at 2. Chen thus asserts a claim in the same property at issue in the original state action, and he intervened accordingly to protect his interest. REDDs' and Chen's claims are clearly related, and to sever REDDs' claims from Chen's would hinder the execution of justice, not enable it.

For the foregoing reasons, it is determined that Defendant Shen's removal of the Original Petition in Intervention was improper under § 1441(a). The Court finds *sua sponte* that it does not have subject matter jurisdiction.

---

[3] Shen's use of the phrase "separate and independent" may relate to a prior version of § 1441(c), which considered removal of a "separate and independent claim or cause of action"; however, § 1441(c), as amended effective January 7, 2012, no longer refers to "separate and independent" claims or causes of action, but instead refers to claims not within the original or supplemental jurisdiction of the district court, or a claim that has been made nonremoveable by statute. *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 103, 125 Stat. 758, 759–60.

As currently enacted, § 1441(c) controls removal of cases that involve both removable and nonremovable claims, and permits that the entire action may be removed if the action would be removable without the inclusion of the claim lacking original or supplemental jurisdiction. 28 U.S.C. § 1441(c)(B). Following removal, the district court "shall sever from the action" all claims lacking original or supplemental jurisdiction, and remand them back to the state court from which the action was removed. *Id.* § 1441(c)(2). However, § 1441(c) is inapplicable in this case; the state action originally filed in Dallas County Court contained only claims within the district court's original diversity jurisdiction, because all the parties were diverse from one another and the amount in controversy exceeded $75,000. Thus, it was Shen's decision to selectively remove only some of the claims in the case that makes removal improper under § 1441, such that the Court lacks removal jurisdiction and accordingly has no jurisdiction to hear the case.

[4] In addition to seeking a declaratory judgment that he is the owner of the red diamonds, Chen also pursues claims related to Shen's alleged embezzlement of $240 million and assorted luxury goods, including claims for conversion, fraud, breach of fiduciary duty, and breach of contract. Pl. Orig. Petition in Intervention at 9–14.

## IV. CONCLUSION

For the foregoing reasons, the Court finds *sua sponte* that it does not have subject matter jurisdiction. The case is **REMANDED** to the 160th Judicial District Court of Dallas County, Texas.

**SO ORDERED**.

September 8, 2016.

_____
BARBARA M. G. LYNN
CHIEF JUDGE